UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWE OKEREKE,

        Plaintiff,

v.                                                                 Case No. 8:18-cv-1347-T-24 AAS

EXPERIAN INFORMATION SOLUTIONS,
INC., ET AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. (Doc. No. 30). Plaintiff opposes the motion in part. (Doc. No. 33). As explained below, the motion is granted in part.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). While the Court must assume that all of the allegations in the complaint are

true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiff Lewe Okereke alleges the following in his complaint (Doc. No. 1): In August of 2006, Plaintiff co-signed on a school loan ("Loan #1") from Defendant Wells Fargo for his daughter. Plaintiff did not apply for or sign on any other loan from Wells Fargo. Later, Plaintiff's daughter allegedly missed some payments on Loan #1.

In 2015, Plaintiff starting receiving collection letters referencing Loan #1 as well as another loan ("Loan #2"). Plaintiff later learned that his name and e-signature had been placed on Loan #2 as a co-signer for his daughter in July of 2008 without Plaintiff's knowledge or consent. In October of 2015, Plaintiff sent a letter to Wells Fargo disputing his liability for Loan #2 and claiming that his e-signature was forged. Wells Fargo responded several times that a fraud investigation would be needed and that it would initiate a fraud investigation only after Plaintiff filed a police report, completed an identity theft affidavit, and provided Wells Fargo with other documentation.

In May of 2016, Plaintiff reviewed his credit reports from credit reporting agencies. Two credit reporting agencies were reporting Loan #2 on Plaintiff's credit report as having a $16,000 balance and that Loan #2 had been charged off. The reference to Loan #2 was negative and harmed Plaintiff's credit score. In response, Plaintiff contacted the credit agencies to inform

them that the information relating to Loan #2 (which was provided by Wells Fargo) was incorrect because it was not his debt. Plaintiff asked the credit reporting agencies to remove reference to this debt from his credit report. Wells Fargo failed to correct this information with the credit reporting agencies.

In October of 2017, Plaintiff again reviewed his credit report from the two credit reporting agencies, and the reports still contained the incorrect information that Loan #2 was his debt. In response, Plaintiff contacted the credit reporting agencies to inform them that the information relating to Loan #2 (which was provided by Wells Fargo) was incorrect because it was not his debt. Plaintiff provided at least one of the credit reporting agencies with a copy of the police report and an identity theft affidavit. Plaintiff asked the credit reporting agencies to remove reference to this debt from his credit report. Wells Fargo failed to correct this information with the credit reporting agencies, and Plaintiff contends that Wells Fargo's failure to correct the information was willful.

On February 15, 2018, Wells Fargo sent Plaintiff a letter stating that Plaintiff owed money on Loan #2 and attempted to collect on the debt. In response, Plaintiff filed the instant lawsuit, in which he asserts two claims: (1) violation of the Fair Credit Reporting Act ("FCRA") against both credit reporting agencies and Wells Fargo; and (2) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") against both credit reporting agencies and Wells Fargo.[1]

### III. Motion to Dismiss

In the instant motion, Wells Fargo moves the Court to dismiss both claims, arguing: (1)

---

[1] Initially, Plaintiff also sued a third credit reporting agency, but he later voluntarily dismissed his claims against it. (Doc. No. 14).

the complaint is an impermissible shotgun pleading; (2) Plaintiff fails to state an FCRA claim; and (3) Plaintiff fails to state a FDUTPA claim. Plaintiff does not oppose dismissal of his FDUTPA claim against Wells Fargo, and the Court grants Wells Fargo's motion as to that claim against it. As explained below, the Court rejects Wells Fargo's arguments for dismissal of the FCRA claim against it.

First, Wells Fargo argues that Plaintiff's complaint is an impermissible shotgun pleading. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). Upon review of the complaint, the Court finds that it provides Wells Fargo with adequate notice of the FCRA claim against it and the grounds upon the FCRA claim rests. Therefore, the Court denies Wells Fargo's motion to dismiss based on its shotgun pleading argument.

Next, Wells Fargo argues that Plaintiff fails to state an FCRA claim. In order to sufficiently state a claim against Wells Fargo for violating 15 U.S.C. § 1681s-2(b) of the FCRA, Plaintiff must allege that Wells Fargo:

> (1) failed to conduct an investigation with respect to the disputed information; (2) failed to review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of the FCRA; (3) failed to report the results of the investigation to the consumer reporting agency; or, (4) if an item of information disputed by a consumer is found to be inaccurate, incomplete, or cannot be verified after any reinvestigation, failed to modify, delete, or permanently block the reporting of that item of information.

Howard v. DirecTV Group, Inc., 2012 WL 1850922, at *4 (S.D. Ga. May 21, 2012). Plaintiff has specifically made these allegations in his complaint against Wells Fargo. (Doc. No. 1, ¶¶

4

65–72; 88–95).

Wells Fargo argues that Plaintiff's FCRA claim is insufficient because his allegations are not precise. For example, Wells Fargo argues that it is not clear whether Plaintiff is alleging that Wells Fargo failed to conduct any investigation or whether Wells Fargo conducted an inadequate investigation (and how such investigation was inadequate). Additionally, Wells Fargo argues that Plaintiff does not identify which specific information Wells Fargo failed to review, which results Wells Fargo failed to report, and which information was found to be inaccurate, incomplete, or unverifiable.

Plaintiff responds that Wells Fargo is in a better position to know the specifics of any investigation that it may have undertaken. Given that Wells Fargo is in control of such information, Plaintiff points out that discovery is needed in order for him to know what actions Wells Fargo took in response to his dispute. Upon consideration, the Court agrees with Plaintiff and rejects Wells Fargo's motion to dismiss the FCRA claim.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Wells Fargo's Motion to Dismiss (Doc. No. 30) is **GRANTED**  as to Plaintiff's FDUTPA claim against it; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of October, 2018.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5